UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RONALD CHARLES VROOMAN** and **HENRY LYLE MAYHEW**, | |
| Plaintiffs, | Case No. 3:16-cv-00770-YY |
| v. | **FINDINGS AND RECOMMENDATIONS** |
| **KATHERINE D. ARMSTRONG**, Government representative of the FBI #878865674 on the Bundy et al documents as plaintiffs, | |
| Defendant. | |

**YOU, Magistrate Judge**:

## INTRODUCTION

Plaintiffs, Ronald Charles Vrooman and Henry Lyle Mayhew, appearing *pro se*, filed this action naming Federal Bureau of Investigations ("FBI") Special Agent Katherine D. Armstrong ("Armstrong") as defendant.

Plaintiffs seek relief for the denial of "civil rights violations, due process violation[s] and RICO" that arose "during the false arrest and incarceration of the accused in Bundy et al in Oregon," Case No. 3:16-cr-00051-BR. Complaint (docket #1), pp. 2, 7. Specifically, plaintiffs allege that evidence was fraudulently removed from the case record, so that "unlawful actions of

1 – FINDINGS AND RECOMMENDATIONS

the FBI" were ignored. *Id*, p. 6. They allege that Oregon Governor Kate Brown is liable for giving the orders "on television[] that started the cavalcade of events leading to the murder of Robert Levoy Fi[]nicum," and "the loss of civil rights etc to the Bundy et all group." *Id*, pp. 4–5. They also allege that Armstrong has no authority to represent the United States in her involvement with the Bundy defendants and abused her discretion in ignoring "lawful Oregonian[s'] paperwork." *Id*, pp. 5, 7, 9.

In addition to the individual claims, plaintiffs appear to assert claims on behalf of a class of Oregonians who are "distraught, infuriated, disappointed, ill to vomit by the death (injured) of/by Robert LaVoy Fi[]nicum's demise, passing, murder, suicide by cop." *Id*, p. 10. The class action includes any "civil rights violations, due process violations, and RICO that arise from this/these issue(s)," including the "wrongful arrest and incarceration of Ronald Vrooman and Ross Abordokaninau." *Id*, p. 7.

As relief, plaintiffs seek $10,000.00 for each class member. *Id*, p. 10. They also demand a declaratory judgment that "the de facto government(s) have overstepped their bounds and the cases are frauds;" as well as an order from the court that the Beaverton Oversight Committee "appoint two of the people in charge of correcting government until all repugnancy is gone," and conduct a "complete audit, inventory and analysis of the government and the bogus color of law corporations discovered and the unlawful actions determined by investigation." *Id.*

The Complaint suffers from several obvious defects, the most damaging of which is the failure to allege standing to bring this action in federal court, and should be dismissed with prejudice.

///

///

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F3d 1169, 1174 (9th Cir 2004), citing *Steel Co. v. Citizens for a Better Env't*, 523 US 83, 101 (1998).  To satisfy the Article III standing requirement, plaintiffs must show that "(1) they have suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 US 167, 180–81 (2000).  A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 883 (9th Cir 1991).

## FINDINGS

Plaintiffs have no standing to bring claims in federal court on behalf of the "Bundy defendants" or Finicum.  Plaintiffs claim to have authority to seek relief on behalf of other citizens under their status as Private Attorney Generals ("PAG").  The phrase "private attorney general" was coined by the United States Court of Appeals for the Second Circuit in *Associated Industries v. Ickes*, 134 F2d 694 (2nd Cir 1943),[1] "to describe a private person acting to vindicate the public interest," when a statute "conferring on any non-official person, or on a designated group of non-official persons, authority to bring a suit . . . even if the sole purpose is to vindicate

---

[1] *Associated Industries v. Ickes*, 134 F2d 694 (2nd Cir 1943), *vacated on suggestion of mootness*, 320 US 707 (1943).

3 – FINDINGS AND RECOMMENDATIONS

the public interest." *Id* at 704, 707.  Federal courts have recognized such authority under various federal and state statutes.  *See, e.g.*, *Sw. Marine, Inc. v. United States*, 535 F3d 1012, 1017 (9th Cir 2008) ("When a private citizen brings an action for violation of the Clean Water Act, the citizen acts as a 'private attorney general,' suing on behalf of the public."); *Baumann v. Chase Inv. Servs. Corp.*, 747 F3d 1117, 1119 (9th Cir 2014) (recognizing California statute "authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code."), *cert. denied*, 135 S Ct 870 (2014).  One such statute is the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961–1968, under which plaintiffs allege claims.  *See Holmes v. Sec. Inv'r Prot. Corp.*, 503 US 258, 283 (1992), quoting *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 US 143, 151 (1987) (recognizing that "[b]y including a private right of action in RICO, Congress intended to bring 'the pressure of private attorneys general' on a serious national problem for which public prosecutorial resources [were] deemed inadequate").

However, even a plaintiff bringing a claim under a statutory right to act as a private attorney general must have standing under Article III of the United States Constitution.  "If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute." *Cetacean Cmty.*, 386 F3d at 1174, citing *Lujan v. Defenders of Wildlife*, 504 US 555, 576–77, (1992); *see also As You Sow v. Sherwin-Williams Co.*, No. C-93-3577-VRW, 1993 WL 560086, at *2 (ND Cal Dec. 21, 1993), quoting *Mangini v. RJ Reynolds Tobacco Co*, 793 F Supp 925, 927 (ND Cal 1992) (rejecting the idea that the states have the power to waive constitutional limitations on standing in federal court, "and by way of a state created right, confer injury in the Art III sense where none would otherwise exist").  RICO and other statutes authorizing citizen suits do not confer an "injury" on private attorney general plaintiffs sufficient to satisfy the

constitutional standing requirement. The plaintiff acting as private attorney general must show that he suffered an "injury" in addition to the members of the public on behalf of whom he brings the suit.

For plaintiffs to have Article III standing to bring this case, they must plead facts suggesting they personally suffered an injury because of Armstrong and Governor Brown's conduct. Alleging injuries to the Bundy defendants and Finicum is not sufficient because plaintiffs allege no involvement in the events that led to Finicum's death and the arrests of the Bundy defendants. As the court found in denying Mr. Vrooman's request to participate in 3:16-cr-00051-BR, he is not "a named Defendant in the case nor is he an attorney admitted to the Bar of the Court in an attorney-client relationship with a named Defendant in the case." 3:16-cr-00051-BR (docket #213). The court also noted that "there is not any legal authority that permits the participation of any such 'private attorney general' in these criminal proceedings." *Id.* Likewise, there is no indication from the face of the Complaint in this action that Mr. Mayhew has a legal connection to the Bundy defendants or their deceased compatriot, Finicum. Without such allegations, plaintiffs fail to satisfy even the minimum constitutional requirement of pleading a "distinct and palpable injury" suffered by them at the hands of the defendants, Armstrong and Governor Brown.

Even if plaintiffs have standing, they cannot bring an action against any of the named defendants. First, the United States as a sovereign entity, including its agencies and employees, is immune from suit except as it consents to be sued. *United States v. Sherwood*, 312 US 584, 586 (1971); *Marshall Leasing, Inc. v. United States*, 893 F2d 1096, 1098 (9th Cir 1990) ("The United States is immune from suit unless it has consented to be sued, and the terms of its consent to be sued in any court define the jurisdiction of that court to entertain the suit.").

5 – FINDINGS AND RECOMMENDATIONS

Second, when exercising discretion, federal executive officials are entitled to qualified immunity for damages under 42 USC § 1983 for violations of a constitutional right. *Butz v. Economou*, 438 US 478, 507 (1978). As a result, a federal official is not liable unless he knows or should know he is acting outside a clearly-established constitutional right. *Id.* Nothing in the allegations supports such a claim here against Armstrong.

Third, the Eleventh Amendment of the United States Constitution bars suit in federal court against a state, an agency acting under its control, or a state officer in her official capacity. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993); *Alabama v. Pugh*, 438 US 781, 782 (1978) (*per curiam*); *Edelman v. Jordan*, 415 US 651, 662-63, 673 (1974); *Belanger v. Madera Unified Sch. Dist.*, 963 F2d 248, 254 (9th Cir 1992). There are two exceptions to the Eleventh Amendment protection: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239–40 (1985) (alteration in original), quoting *Edelman*, 415 US at 673. Governor Brown has not consented to be sued in federal court or otherwise waived her immunity. *See e.g.*, *Delong Corp v. Or. State Hwy. Comm'n*, 343 F2d 911, 912 (9th Cir 1965) (reaching the same conclusion). Thus, plaintiffs cannot sue Governor Brown or Armstrong.

A *pro se* litigant must be given leave to amend his complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000). Viewing all allegations in the Complaint as true and construing all inferences in plaintiffs' favor, the court concludes that the deficiencies in the Complaint cannot possibly be cured by

6 – FINDINGS AND RECOMMENDATIONS

amendment, because the plaintiffs cannot show that they were injured by Armstrong and Governor's Brown's involvement in the events that led to the arrest of the Bundy defendants and the death of Finicum. The Complaint should be dismissed without leave to amend.

## RECOMMENDATIONS

The Complaint should be DISMISSED with prejudice for lack of subject-matter jurisdiction.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, June 27, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED June 8, 2016.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

7 – FINDINGS AND RECOMMENDATIONS